**Rodney C. KLEPZIG, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE, Appellee.**

**No. 6936.**

Court of Appeals of Alaska.

April 29, 1983.

Ben J. Esch, Dickson, Evans & Esch, Anchorage, for appellant.

James F. Wolf, Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

In *Municipality of Anchorage v. Serrano,* 649 P.2d 256 (Alaska App.1982), this court held that in cases involving a charge of driving while intoxicated:

> the due process clause of the Alaska Constitution requires the prosecution to make reasonable efforts to preserve a breath sample or to take other steps to allow a defendant to verify the results of the breathalyzer test.

*Id.* at 258 (footnote omitted). In this case we affirm the ruling of the trial judge that the defendant, Rodney Klepzig, forfeited his right to have a breath sample preserved.

Klepzig was involved in a traffic accident at the intersection of Fifth Avenue and G Street in Anchorage on January 26, 1982. Officers of the Anchorage Police Department investigated the accident. Klepzig was arrested for driving while intoxicated and taken to the Anchorage Police station.

At the station Officer Dennis Long conducted a series of videotaped sobriety tests. Officer Long then asked Klepzig to take a breathalyzer examination. The result of that test indicated that Klepzig had a blood alcohol level of .19%, making him legally intoxicated. Long testified that after observing the breathalyzer result of .19%, he had Klepzig look at the result. He then offered Klepzig another test. According to Long, he showed Klepzig an indium tube and explained to him that a breath sample could be saved in the tube. He told Klepzig that if he saved a breath sample, the sample would later be available for independent testing. Klepzig could use the sample to obtain a readout to compare to the breathalyzer readout that he had just observed. Klepzig indicated he did not want a breath sample preserved.

Long testified that "Klepzig seemed to understand what was being said to him." Long stated that he thought a blood alcohol level of .19% was "average" for a DWI suspect. He also stated that a person with that level of alcohol in his blood would possibly have slurred speech, poor coordination and impaired judgment and understanding. Long testified that Klepzig nevertheless appeared to understand what was taking place, and responded to questions directed to him.

Klepzig argues that the municipality did not show that he made a knowing and intelligent waiver of his right to have a breath sample preserved. He attempts to draw an analogy to cases holding that a defendant must have counsel appointed unless he clearly understands the purpose of having counsel and "knowingly and intelligently" waives this right. *See, e.g., Swensen v. Municipality of Anchorage,* 616 P.2d 874 (Alaska 1980) (DWI defendant must be given a brief explanation of the benefits of counsel before any subsequent waiver can be viewed as knowingly undertaken). In ruling on Klepzig's motion in the district court, Judge Beverly Cutler indicated that the municipality probably had not shown a knowing and intelligent waiver by Klepzig of his right to have a breath sample preserved. However, she ruled that the proper test was not whether Klepzig had made an intelligent waiver but whether the law en-

forcement authorities acted reasonably. Judge Cutler found that the police had made reasonable efforts to preserve a breath sample and denied Klepzig's pretrial motion to suppress the breathalyzer results. Klepzig entered a nolo contendere plea to the driving while intoxicated charge, preserving his right to appeal Judge Cutler's ruling to this court. *Oveson v. Municipality of Anchorage,* 574 P.2d 801 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

It is clear that Judge Cutler applied the correct test in deciding this case. As we stated in *Serrano,* "due process ... requires the prosecution to make *reasonable efforts* ...." 649 P.2d at 258 (emphasis added). We note that what is reasonable conduct on the part of police officers turns on the specific facts of each case. Judge Cutler found that the method used by the police to provide an alternative test to the breathalyzer test, preservation of a breath sample in an indium tube, was reasonable. Klepzig does not appear to contest this finding. Judge Cutler also found that Officer Long gave Klepzig a clear, simple explanation of his right to preserve a breath sample and that he informed Klepzig that he could use the sample to compare with the breathalyzer result. She reasoned that a more involved explanation might very well have confused Klepzig and that any indications by Officer Long that the breath sample might exonerate Klepzig could be misleading. This reasoning appears sound. We conclude that Judge Cutler's findings were not clearly erroneous.

The conviction is AFFIRMED.