**MUNICIPALITY OF ANCHORAGE,
Petitioner,**

v.

**Theodore W. FLACK, Respondent.**

**No. A–441.**

Court of Appeals of Alaska.

Aug. 10, 1984.

---

James F. Wolf, Asst. Mun. Prosecutor, Allen M. Bailey, Mun. Prosecutor, and Jerry Wertzbaugher, Mun. Atty., for petitioner.

Sen K. Tan, Assistant Public Defender, and Dana Fabe, Public Defender, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Theodore W. Flack was arrested on January 21, 1984, for driving while intoxicated. He was transported to the Anchorage Police Department where an intoximeter test of his breath was taken. No breath sample was preserved because the perchlorate tubes used for that purpose were not available. Flack was not offered an independent blood test. Flack made a motion to suppress the results of the intoximeter test which was granted. The municipality petitions for review of that order. Our review of the record indicates that the trial judge may have misunderstood the requirements we established in *Anchorage v. Serrano*, 649 P.2d 256 (Alaska App.1982). We therefore grant the petition for review, vacate the trial court's order and remand for further proceedings consistent with this opinion.

■ In *Serrano*, we held that when a governmental entity intends to use evidence of a breathalyzer examination against a defendant in a prosecution for driving while intoxicated, it is required to exercise reasonable care under all of the circumstances to preserve a breath sample or to take other steps to allow the defendant to verify the results of the breathalyzer test. 649 P.2d at 258. The standard established in *Serrano* is essentially one of negligence, not strict liability. *See Klepzig v. Anchorage*, 661 P.2d 1096, 1098 (Alaska App.1983). If the governmental unit was free of fault in failing to provide the defendant a means of verifying the breathalyzer result, then suppression should not follow. We stress, however, that the duty is owed by the governmental unit, not its individual agents. Thus, a finding that an individual police officer or other person administering a breathalyzer examination was free from fault, would not satisfy *Serrano* if it was established that the governmental entity, through antecedent negligence, had created a situation in which individual officers administering the test could not provide the defendant a means of verification.

■ Generally, a person asserting another person's negligence has the burden of proving it. We believe that there are some good reasons for departing from the general rule in this kind of case. First, as we pointed out in *Serrano*, in the typical case, the governmental agency will be in a position to furnish the defendant a basis for verification. 649 P.2d at 259. It is not unreasonable to require the governmental agency to establish that a particular case is not typical and justifies relieving it of the duty. Second, the circumstances preventing a governmental entity from complying with *Serrano* would be peculiarly within the knowledge of its agents. It is therefore not unreasonable to require it to establish its freedom from fault. We therefore conclude that a governmental entity seeking to excuse its failure to preserve a breath sample, or otherwise failing to enable a defendant to verify the results of a breathalyzer examination, has the burden of proving by a preponderance of the evidence its freedom from negligence.

■ It is possible that Judge Fuld correctly applied these principles to this case. His decision is, however, ambiguous:

> This Motion to Suppress Intoximeter result must be GRANTED. The prosecutor took reasonable steps to preserve a breath sample but bureaucratic delay forced the municipality to function without perchlorate tubes.
>
> The defendant in this case was intoxicated and very irrational. It would not have been reasonable to transport defendant to the hospital. It was not feasible to bring him into court for arraignment. However, *Serrano* "requires the prosecutor to make reasonable efforts to preserve a breath sample or to take other steps to allow defendant to verify the results." 649 P.2d 256, 258.
>
> I think the Court of Appeals did not intend any exceptions to the other step requirement.
>
> The requirement is burdensome in this case but due process requirements are clear and can't be excused. The offer of a blood test had to be made.

The municipality vigorously argues that the "bureaucratic delay," relied upon by Judge Fuld, was attributable to the state of Alaska and involved conditions beyond the municipality's control. In this respect Judge Fuld's findings are ambiguous. In other respects, Judge Fuld seems to absolve the municipality from negligence. In light of our uncertainty regarding Judge Fuld's conclusions, we deem it necessary to remand this case to the trial court for further consideration. If the municipality was negligent in depriving Flack of an opportunity to verify the breathalyzer examination, the evidence should be suppressed. If, on the other hand, the municipality's inability to furnish verification was without fault, then the evidence should not be suppressed. In reaching its conclusions the trial court may, of course, consider any negligence or intentional conduct of Flack, but only to the extent that it would operate as a superseding cause for the municipality's inability to enable independent verification of the intoximeter test.[1]

The order of the district court is VACATED and this case is REMANDED for further consideration in light of this opinion.

---

1. To allow Flack's foreseeable contributory negligence to absolve the government would undercut the policies advanced by *Serrano*. *Cf.* Restatement (Second) of Torts §§ 440–453 (1977).